UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
VIACOM OUTDOOR INC.,                       :
                                           :
                 Plaintiff,                :
                                           :   04 CIV. 9789 (DLC)
         -v-                               :
                                           :   OPINION & ORDER
EMIL CERULLO and JANE DOE CERULLO,         :
husband and wife, d/b/a TEXAS IMAGING,     :
                                           :
                 Defendants.               :
------------------------------------------X

Appearances:

For plaintiff:
Ilene H. Cohen
Cheifetz Iannitelli Marcolini, P.C.
410 Park Avenue
15th Floor
New York, NY 10022

For defendants:
Autumn J.S. Hwang
Fish & Richardson P.C.
153 E. 53rd Street
52nd Floor
New York, NY 10022


DENISE COTE, District Judge:

   Plaintiff Viacom Outdoor, Inc. ("Viacom") brings this action to recover outstanding payments pursuant to three contracts under which it provided outdoor advertising services for Texas Imaging and Diagnostic Center, Inc. ("TIDC").  Viacom does not seek recovery from TIDC, however, but from TIDC's president, Emil Cerullo ("Cerullo"), who signed the agreements at issue here. For the following reasons, the motion is denied.

Background

The following facts are undisputed except where otherwise noted. Defendant Cerullo is the president of TIDC, which he describes as a corporation that is in the business of "medical diagnostic imaging services." TIDC is registered under the laws of Texas as "TIDC, Inc." and operates out of a facility located at 3840 West Northwest Highway in Dallas, Texas.

In late 2003, Cerullo met with a sales agent for plaintiff and, over the course of the next few months, signed three agreements with plaintiff for outdoor advertising displays promoting TIDC. Each of the agreements begins with the sentence, "Texas Imaging 'ADVERTISER/AGENCY' hereby contracts with VIACOM OUTDOOR (VIACOM) for the installation & maintenance (Service) of the outdoor advertising display as described below upon the terms and conditions set forth in this contract ..." Each of the agreements goes on to state that, "AGENCY AND THE PERSON SIGNING ON BEHALF OF AGENCY REPRESENT AND WARRANT THAT THEY ARE AUTHORIZED TO EXECUTE THE SAME ON BEHALF OF THE ADVERTISER AND THAT AGENCY FULLY APPROVES SAME." (Emphasis supplied.) In the signature block of each agreement, "Texas Imaging" is identified as the "Advertiser/ Agency," with Cerullo's signature appearing two lines below. Beneath Cerullo's signature on each agreement, the "Address" is listed as:

    3840 W. Northwest Highway
    Dallas, TX 75220
    214-357-5229
    Attn: Emil Cerullo

Cerullo also claims that he told Viacom's sales representative

that he was acting on behalf of Texas Imaging in signing the contracts. Each agreement provides that it will be "construed according to the laws of the State of New York" and that New York courts will have jurisdiction over any disputes arising under the contracts.

Viacom provided the promotional services required by the agreements,[1] but was never paid $64,700 of the fees due. On November 22, 2004, Viacom filed this breach of contract action in the Supreme Court of New York County, seeking recovery of the unpaid amount, plus interest and legal fees, from Cerullo.[2] On December 13, the matter was removed to this Court, and on December 17, Cerullo filed a motion to dismiss the complaint. Through an Order of May 20, 2005, the motion was denied. Viacom now moves for summary judgment, claiming that Cerullo is personally liable for the breach of the advertising agreements because he failed sufficiently to disclose that he was acting as an agent for TIDC, and did not provide Viacom with TIDC's official corporate name. Plaintiff's motion is denied.

Discussion

Summary judgment may not be granted unless all of the

---

[1] Cerullo has stipulated to plaintiff's performance of its contractual obligations "for the purposes of [his] Response to Plaintiff's Motion for Summary Judgment."

[2] Plaintiff has also named "Jane Doe Cerullo" -- Cerullo's putative wife -- as a defendant. Cerullo avers that he is not married, and plaintiff does not appear to challenge this contention. In any event, it is not relevant to the outcome of this motion.

submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Rule 56(e), Fed. R. Civ. P.; accord Burt Rigid Box, Inc. v. Travelers Property Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

The primary legal principle governing this dispute is uncontested. Under New York law, an agent who enters a contract on behalf of a principal avoids personal liability on a contract if he discloses to his counterpary both the fact of his agency and the identity of the principal. Orient Mid-East Lines v. Albert E. Bowen, Inc., 458 F.2d 572, 575 (2d Cir. 1972) (citing Restatement (Second) of Agency § 321 (1958)). Conversely, if a party to a contract discloses that he is an agent, but does not say on whose behalf he acts -- that is, if the principal is "partially disclosed" -- the agent is deemed to be a party to the contract and is personally liable. Id.; 12 Williston on

4

Contracts § 35:41 (4th ed. 2002).

Here, Cerullo claims that he signed the advertising agreements as an agent of TIDC and is therefore not liable for any money due thereunder. Viacom argues that Cerullo failed to disclose that he was an agent and, apparently in the alternative, that he did not provide Viacom with TIDC's correct name.

Viacom's implicit argument that it was unaware that Cerullo signed the agreements in his role as an agent is difficult to credit. As noted above, each of the agreements states that the contracting parties are Texas Imaging and Viacom; notes that the agreement is being executed "on behalf of the Advertiser," which is identified as Texas Imaging; and includes the name Texas Imaging and TIDC's address in the signature block. Viacom does not even attempt to explain how, given this evidence, it could have understood Cerullo to be signing the agreements in his individual capacity.[3]

Instead, Viacom emphasizes the fact that Texas Imaging is not the name under which TIDC is registered with the State of Texas. According to plaintiff, Cerullo's use of the name Texas Imaging therefore constitutes partial disclosure of the principal and, as a result, does not immunize him from individual liability on the contracts. Viacom claims that, after this action was initiated, it searched the corporate records of the State of

---

[3] Indeed, Viacom has effectively abandoned this argument, stating in its reply brief that it "does not dispute that Defendant purported to act on behalf of a business called 'Texas Imaging.'"

Texas for the name Texas Imaging and found "five different corporate entities, none of which are affiliated with Defendants." As a result, Viacom complains, "it is difficult to understand how the use of the name 'Texas Imaging' puts plaintiff on notice of a corporate entity named '[TIDC], Inc.'"

Viacom is correct that the requirement that an agent disclose the identity of his principal is aimed at putting the counterparty "on notice" of the true party to the contract. It is mistaken, however, that the such disclosure must include the name -- let alone the registered, legal name -- of the principal. Indeed, both the Second Circuit and New York courts have explicitly rejected this argument. See, e.g., Orient Mid-East Lines, 458 F.2d at 576 ("[I]t may be sufficient if the principal is sufficiently identified, rather than named."); Unger v. Travel Arrangements, Inc., 266 N.Y.S.2d 715, 723(1st Dept. 1966) ("So long as he has knowledge of the identify of the principal it is sufficient; and the identity may be disclosed by description as well as by name."). Instead, an agent is simply required to give "such complete information concerning his principal's identity that he can be readily distinguished." Restatement (Second) of Agency § 321, cmt. a (1958).

Cerullo met this obligation here. He provided Viacom with TIDC's correct address and phone number. And, although he used a shortened version of the company's name, it was sufficient to let Viacom know precisely what entity was to be bound by the contract. Furthermore, Viacom has not articulated what, if any,

6

prejudice it suffered because Cerullo used the name Texas Imaging, rather than TIDC.  It claims that, "short of an extensive investigation, there was no way Plaintiff could have determined 'Texas Imaging' was intended to be TIDC."  Viacom has admitted, however, that it did not even attempt to determine whether and under what name Texas Imaging was registered with the State of Texas until <u>after</u> this litigation began.  And, in any event, Viacom already possessed a valid address and phone number for Texas Imaging.  What other information it needed about the company, and what possible use this information would have been, is entirely unclear.[4]  Viacom therefore has not demonstrated that it is entitled to summary judgment.

---

[4] Moreover, while it is not necessary to reach the result here, it is worth observing that "extensive investigation" is not required to figure out that Texas Imaging is, in fact, Texas Imaging and Diagnostic Center and often goes by the name TIDC. If one types "Texas Imaging" into the search engine at google.com, the first result is texasimaging.com, which appears to be the company's website.  "Texas Imaging & Diagnostic Center" appears across the top of the front page of the site, and beneath that, "Welcome to TIDC."  Texas Imaging & Diagnostic Center, http://www.texasimaging.com (last visited August 9, 2006).

7

Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is denied.

SO ORDERED:

Dated: New York, New York
August 10, 2006

DENISE COTE
United States District Judge